**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AKF, INC. d/b/a FUNDKITE

                        Plaintiff,          1:21-cv-1074 (BKS/DJS)

v.

BARGAIN JUNCTION, LLC, OZARKS
DISTRIBUTION, LLC, LOAD BROS., LLC,
SPRINGFIELD PROPERTY SOLUTIONS, LLC,
SHELBY LYNETTE KRAM, and ZACHARY SCOTT
KRAM,

                        Defendants.

---

**Appearances:**

*For Plaintiff:*
Shanna M. Kaminski
Kaminski Law, PLLC
P.O. Box 247
Grass Lake, MI 49240

*For Defendants:*
Robert C. Jacovetti
Jacovetti Law, P.C.
100 Garden City Plaza, Suite 227
Garden City, NY 11530

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff AKF, Inc. d/b/a FundKite brings this diversity action against Defendants Bargain Junction, LLC, Ozarks Distribution, LLC, Load Bros., LLC, Springfield Property Solutions, LLC, Shelby Lynette Kram, and Zachary Scott Kram, asserting claims of specific performance, breach of contract, and breach of performance guaranty. (Dkt. No. 28). Plaintiff

previously submitted a motion for partial summary judgment with respect to its breach of contract and breach of performance guaranty claims, (Dkt. No. 54), which Defendants opposed, (Dkt. No. 57-1). The Court found that Plaintiff failed to submit sufficient evidence to sustain its burden on summary judgment but granted Plaintiff leave to renew with documentary evidence. (Dkt. No. 58). Presently before the Court is Plaintiff's renewed motion for partial summary judgment, (Dkt. No. 60), which Defendants also oppose, (Dkt. No. 61-1). For the following reasons, Plaintiff's motion is granted.

## II.     FACTS

The Court presumes the parties' familiarity with its January 5, 2024 decision, which recites the factual background of the case and defines terms relevant to the discussion. (Dkt. No. 58, at 2–6). To the extent that Plaintiff's new filings provide additional facts well-supported by the record, the Court addresses such facts in the course of discussing the parties' arguments below.[1]

Additionally, the Court notes that despite its prior warning, (Dkt. No. 58, at 2 n.1), Defendants have again failed to respond to Plaintiff's "Statement of Material Facts" with a response mirroring Plaintiff's assertions, admitting or denying each assertion, as required by Local Rule 56.1(b), (*see* Dkt. No. 61; *see also* Dkt. No. 57). Instead, Defendants filed a "Statement of Facts" substantively identical to its previous "Statement of Facts," again containing multiple facts that are unsupported by any citation to the record. (*See* Dkt. No. 61; *see also* Dkt. No. 57). Consequently, the Court considers Plaintiff's facts, to the extent they are

---

[1] The facts are drawn from the filings accompanying Plaintiff's renewed motion for partial summary judgment, including Plaintiff's "Statement of Material Facts," (Dkt. No. 60-1), the declaration of Aleksander Shvarts, Chief Executive Officer ("CEO") of FundKite, (Dkt. No. 60-3), and the attachments thereto.

supported by pinpoint citations to the record, to be admitted. *See Lyman v. City of Albany*, 597 F. Supp. 2d 301, 304 (N.D.N.Y. 2009).

### III. STANDARD OF REVIEW

Under Rule 56(c), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

If the moving party meets this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003) (citing *Anderson*, 477 U.S. at 255). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted), and cannot rely on "mere speculation or conjecture

as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)). Furthermore, "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

## IV. DISCUSSION

Plaintiff has renewed its motion for summary judgment on its claims for breach of contract against Bargain Junction and breach of guaranty against all other Defendants. (Dkt. No. 60). Each claim is addressed below.

### A. Breach of Contract

"The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *Grice v. McMurdy*, 498 F. Supp. 3d 400, 409 (W.D.N.Y. 2020) (citation omitted). This Court in its previous decision found Plaintiff had demonstrated the existence of the first two elements[2] but had not met its evidentiary burden with respect to the third. (Dkt. No. 58, at 8–10).

Plaintiff again argues that "Bargain Junction breached the Agreement by blocking FundKite's debits from the Designated Account and by otherwise refusing to deliver the Remittance Percentage of Receipts." (Dkt. No. 60-2, at 4; *see also* Dkt. No. 54-2, at 4). Such a block constitutes an "Event of Default" under the Agreement. (Dkt. No. 60-4, at 9 (stating that it

---

[2] Defendants repeat their argument that Plaintiff breached the Agreement, (Dkt. No. 61-1, at 5; *see also* Dkt. No. 57-1, at 5), but for the same reasons as stated in the previous decision, there is no evidence on the record to support this contention, (*see* Dkt. No. 58, at 7–8).

constitutes an Event of Default if FundKite "is unable, at any time, to successfully debit the Designated Account due to any 'block' placed on [FundKite's] debits by or at the behest of" Bargain Junction); *see also* Dkt. No. 60-1, ¶ 11). According to Aleksander Shvarts, CEO of FundKite, FundKite received a "Corporate Return Entry Report" from Signature Bank, "the bank [FundKite] was utilizing to perform the ACH debits," on September 29, 2021 "indicating that [the bank] could not debit the Adjusted Delivery Amount from the Designated Account on September 24, 2021 because the authorization for FundKite to debit the Designated Account had been revoked." (Dkt. No. 60-3, ¶ 10; *see also* Dkt. No. 60-1, ¶ 9). Plaintiff submitted the "Corporate Return Entry Report" in support of its motion. (*See* Dkt. No. 60-7). The Report is dated September 28, 2021, and lists "authorization revoked" as the "reason" for a "return entr[y]" from an "offset account" with the name "Bargain Junction LLC" and the "amount" as "16,000.23 Debit." (*See* Dkt. No. 60-7, at 2; *see also* Dkt. No. 60-1, ¶ 9).

The Court has deemed these facts to be admitted, but even if it had not, a review of the record reveals no evidence that would raise a genuine issue of material fact regarding Bargain Junction's breach. Defendants in their "Statement of Facts" and supporting brief state that they "did not instruct The Bank of Billings to block Fund[K]ite's debits from the Designated Account" and that they "deliver[ed] Receipts as required by the [A]greement without interruption by way of a 'stop payment' or any 'block' on [FundKite's] debits," but they provide no citations to support these assertions. (*See* Dkt. No. 61, ¶¶ 11, 16; Dkt. No. 61-1, at 5, 6). Additionally, Defendants argue that "Plaintiff fails to identify or enter as evidence a copy of the notice it claims it received on September 29, 2021 from The Bank of Billings that it had been instructed by Defendants to block Fund[k]ite's debits from the Designated Account." (Dkt. No. 61-1, at 5). But, as discussed, Plaintiff has presented the "Corporate Return Entry Report"

5

indicating that the authorization to debit Bargain Junction's Designated Account had been revoked. Thus, as Plaintiff notes, "there is no dispute that Bargain Junction breached the Agreement." (Dkt. No. 60-2, at 4).

Finally, Plaintiff has established damages attributable to Bargain Junction's breach. According to Shvarts, "[o]nly nine (9) remittances were made under the Agreement via ACH debit for a total of $142,462.92" and FundKite additionally received "$827.58 in Receipts via the efforts of its collections counsel" on December 13, 2022, leaving a total of $424,709.49 in "uncollected Receipts purchased by FundKite under the Agreement." (Dkt. No. 60-3, ¶ 15; *see also* Dkt. No. 60-1, ¶ 14; Dkt. No. 60-9, at 1).

### B.     Breach of Guaranty

"The elements of a claim for breach of guarant[y] under New York law are (1) an underlying obligation, (2) a guarant[y], and (3) failure by the guarantor to make payment in accordance with the terms of the guarant[y]." *EMA Fin., LLC v. AIM Expl., Inc.*, No. 18-cv-145, 2019 WL 689237, at *12, 2019 U.S. Dist. LEXIS 26141, at *28 (S.D.N.Y. Feb. 19, 2019) (citation omitted).

This Court previously found that Plaintiff had demonstrated the first two elements but had failed to adduce evidence of the third. (Dkt. No. 58, at 11). Plaintiff has now done so. Under the Guaranty, the Guarantors "agree[d] to irrevocably, absolutely and unconditionally guarantee to [FundKite], [Bargain Junction's] prompt and complete performance of . . . [Bargain Junction's] obligation to deliver Receipts as required by the Agreement without interruption by way of 'stop payment' or any 'block' on [FundKite's] debits." (Dkt. No. 60-4, at 18; *see also* Dkt. No. 60-1, ¶ 2). Plaintiff's newly presented evidence, (*see* Dkt. No. 60-7, at 2), demonstrates that the Guarantors did not ensure "Bargain Junction's obligation to deliver Receipts" to FundKite "without interruption by way of 'stop payment,'" (*see* Dkt. No. 60-3, ¶ 13; *see also*

6

Dkt. No. 60-1, at ¶ 12). Thus, the Guarantors' failure to make payment under these circumstances, (*see* Dkt. No. 60-3, ¶¶ 15–16; *see* Dkt. No. 60-1, ¶¶ 15–16), constitutes breach. Defendants do not offer any argument in response, other than those regarding the breach of contract and which have been rejected.

Accordingly, Plaintiff's renewed motion for partial summary judgment is granted.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's renewed motion for partial summary judgment on its claims for breach of contract and breach of guaranty, (Dkt. No. 60), is **GRANTED**; and it is further

**ORDERED** that Plaintiff file a status report by July 31, 2024, informing the Court how Plaintiff seeks to proceed on its remaining claim for specific performance; and it is further

**ORDERED** that to the extent Plaintiff seeks a final judgment on only two of its claims in this action, Plaintiff must address why entry of a final judgment would be appropriate under Fed. R. Civ. P. 54(b), and to the extent Plaintiff seeks judgment Plaintiff must file a proposed judgment.

**IT IS SO ORDERED.**

Dated: June 18, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge